IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ROBERT BABUJI,<br>　　　　　*Plaintiff*<br><br>-vs-<br><br>CHRISTINE E. WORMUTH,<br>CHRISTINE WORMUTH SECRETARY,<br>SUED IN HER OFFICIAL CAPACITY<br>DEPARTMENT THE U.S. ARMY;<br>　　　　　*Defendant* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | SA-24-CV-00413-XR |

## ORDER

On this date, the Court considered Defendant Christine E. Wormuth's Motion for Summary Judgment (ECF No. 8), Plaintiff Robert Babuji's Response in Opposition (ECF No. 9), and Defendant's Reply. ECF No. 10. The Court heard oral argument on May 15, 2025. After careful consideration, the Court issues the following order.

## I. BACKGROUND

### A. Factual Allegations

Plaintiff Dr. Robert Babuji alleges that his former employer, the Department of the Army, discriminated against him and subjected him to a hostile work environment because of his race and national origin. The following facts are derived from the allegations in Dr. Babuji's Amended Complaint and are taken as true for purposes of adjudicating the Motion. *See Calhoun v. Hargrove*, 312 F.3d 730, 733 (5th Cir. 2002).

From April 2019 to July 2023, Dr. Babuji worked as a GS-14, Staff Internist, at the Brooke Army Medical Center, Internal Medicine Clinic, Department of the Army located in Fort Sam Houston, Texas. Amended Complaint ("Am. Compl.") ¶ 21. Dr. Babuji was born in India and is

of Indian descent. *Id*. ¶ 23. Over the course of several years, Dr. Babuji alleges that Dr. Jose Torrijos (at first as a peer and later as a supervisor) interacted with him in a derogatory and humiliating manner. *See id*. ¶¶ 21–40. In November of 2019, Dr. Babuji alleges that Dr. Torrijos made fun of Dr. Babuji's Indian accent in a derogatory manner. *Id*. ¶ 25. Then, in October 2020, Dr. Babuji alleges that on occasions Dr. Torrijos "talked down" to Dr. Babuji in a condescending manner and on other occasions Dr. Torrijos refused to look at Dr. Babuji. *Id*. ¶ 26. The following year, in March 2021, Dr. Torrijos ordered an audit of Dr. Babuji's work that resulted in a finding of poor performance due to issues pertaining to Dr. Babuji's method of documentation. *Id*. ¶ 27–28. Subsequently, Dr. Babuji was placed on a performance improvement plan that included a requirement that Dr. Babuji present daily all his cases to Dr. Torrijos. *Id*. ¶ 27–28. Dr. Babuji alleges that during the process Dr. Torrijos shamed and humiliated Dr. Babuji by questioning his medical knowledge and clinical application. *Id*. ¶ 28. In September of 2021, Dr. Babuji's clinical privileges were suspended by the Chief Medical Officer, an action that Dr. Babuji contends was taken at the request of Dr. Torrijos. *Id*. ¶ 33. In October of 2021, Dr. Torrijos issued Dr. Babuji an unsatisfactory performance rating. *Id*. ¶ 36. In November 2021, Dr. Babuji was reported anonymously to the Texas Medical Board of Professional Misconduct and to the National Practitioner Data Bank for Clinical Incompetence. *Id*. ¶ 39.

On April 19, 2024, Dr. Babuji filed claims against the Defendant for disparate treatment and hostile work environment based on his race and national origin under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e. *Id*. ¶ 42–59. The Defendant filed this motion for summary judgment (ECF No. 8), Dr. Babuji filed a response in opposition (ECF No. 9), and the Defendant filed a reply. ECF No. 10. The Parties presented oral argument to the Court on May 15, 2025.

**B.  Procedural Requirements**

Prior to filing the lawsuit, Dr. Babuji initiated EEO contact with an EEO counselor and participated in a pre-complaint intake interview. *Id*. ¶ 6. Evidence in the record shows that on November 18, 2021, an EEO counselor issued a Notice of Right to File a Formal Complaint of Discrimination (ECF No. 9-2), the notice was sent to Dr. Babuji and his attorney (ECF No.'s 8-1 ¶ 7; 9-3; 9-4), and Dr. Babuji's attorney received and read the notice. ECF No. 9-4. The notice informed Dr. Babuji of the right to file a formal complaint of discrimination within 15 calendar days of receipt of the notice. ECF No. 9-2 at 2. Based on the date of receipt, the parties agree the formal complaint was due on December 3, 2021. ECF No. 6 ¶ 8; ECF No. 8 at 4. On December 1, Dr. Babuji asserts his attorney sought a two-week extension to file the complaint stating he was scheduled to undergo surgery on December 2, 2021. *See* ECF No. 9-6. The Army provides a declaration that it did not receive the request for extension. ECF No. 8-1 ¶ 9. On December 14, 2021, Dr. Babuji's attorney submitted Dr. Babuji's formal complaint of discrimination via e-mail. ECF No. 9-7; 9-8. The Army contends the formal complaint was filed and received on December 15, 2021. ECF No. 8-1 ¶ 6; ECF No. 9-11. On January 5, 2022, the Army issued a memorandum notifying Dr. Babuji that his claim was accepted for investigation. ECF No. 9-13.

## II. LEGAL STANDARD

The Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56. To establish that there is no genuine issue as to any material fact, the movant must either submit evidence that negates the existence of some material element of the non-moving party's claim or defense, or, if the crucial issue is one for which the nonmoving party will bear the burden of proof at trial, merely point out that the evidence in the record is insufficient to support an essential element of the nonmovant's claim or defense. *Little v. Liquid Air Corp.*, 952 F.2d 841,

847 (5th Cir. 1992), *on reh'g en banc*, 37 F.3d 1069 (5th Cir. 1994) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)).

Failure to exhaust administrative remedies is an affirmative defense. *Davis v. Fort Bend Cnty.*, 893 F.3d 300, 307 (5th Cir. 2018), *aff'd*, 587 U.S. 541 (2019). When a defendant moves for summary judgment on an affirmative defense, evidence must be brought forward that establishes "beyond peradventure all the essential elements of the claim or defense to warrant judgment in [their] favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). In other words, the defendant must "make a showing sufficient for the court to hold that no reasonable trier of fact could find other than for the defendant[]." *Mary Kay, Inc. v. Weber*, 601 F. Supp. 2d 839, 851 (N.D. Tex. 2009) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

Once the movant carries its initial burden, the burden shifts to the nonmovant to show that summary judgment is inappropriate. *See Fields v. City of S. Hous.*, *Tex.*, 922 F.2d 1183, 1187 (5th Cir. 1991). "Unsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment," *Brown v. City of Houston*, 337 F.3d 539, 541 (5th Cir. 2003) (citation omitted), and neither will "only a scintilla of evidence" meet the nonmovant's burden. *Little*, 37 F.3d at 1075. Rather, the nonmovant must "set forth specific facts showing the existence of a 'genuine' issue concerning every essential component of its case." *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998). The Court will not assume "in the absence of any proof . . . that the nonmoving party could or would prove the necessary facts" and will grant summary judgment "in any case where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant." *Little*, 37 F.3d at 1075.

For a court to conclude that there are no genuine issues of material fact, the court must be satisfied that no reasonable trier of fact could have found for the nonmovant, or, in other words, that the evidence favoring the nonmovant is insufficient to enable a reasonable jury to return a verdict for the nonmovant. *See Anderson*, 477 U.S. at 248. In making this determination, the court should review all the evidence in the record, giving credence to the evidence favoring the nonmovant as well as the "evidence supporting the moving party that is uncontradicted and unimpeached, at least to the extent that evidence comes from disinterested witnesses." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 151 (2000). The Court "may not make credibility determinations or weigh the evidence" in ruling on a motion for summary judgment, *id.* at 150, and must review all facts in the light most favorable to the nonmoving party. *First Colony Life Ins. Co. v. Sanford*, 555 F.3d 177, 181 (5th Cir. 2009).

### III. DISCUSSION

#### A. Administrative Exhaustion Requirement

The exhaustion of administrative remedies is a prerequisite to filing suit, under Title VII, in federal court. *Taylor v. Books A Million, Inc.,* 296 F.3d 376, 378-79 (5th Cir. 2002). In order to exhaust administrative remedies, a plaintiff must comply with the EEO regulations set forth at 29 C.F.R. § 1614.105. First, a federal employee claiming discrimination must contact an EEO counselor within forty-five days of the allegedly discriminatory incident. 29 C.F.R. § 1614.105(a)(1). If the claim is not resolved at this stage, the EEO counselor has thirty days in which to notify the employee of his right to file a formal discrimination complaint with the employing agency. 29 C.F.R. § 1614.105(d). The employee then has fifteen days from receiving this notice to file a formal complaint of discrimination. 29 C.F.R. § 1614.105(d). If the employee

fails to file his or her formal complaint within this fifteen-day period, the agency may dismiss the complaint. 29 C.F.R. § 1614.107(a)(2).

If an employee fails to file a formal EEO complaint within fifteen days of receiving notice of his right to do so, he has failed to timely exhaust his administrative remedies, and he is therefore barred from pursuing his discrimination claim in federal court. *Wright v. McHugh*, No. 5:13-CV-449-DAE, 2014 WL 201072, at *8 (W.D. Tex. Jan. 17, 2014) (citing *Casimier v. U.S. Postal Serv.*, 142 F. App'x. 201, 204 n.1 (5th Cir. 2005) (finding that a plaintiff had failed to timely exhaust his administrative EEO remedies because a formal EEO complaint was not filed within fifteen days of receiving notice of his right to do so)).

### B. Plaintiff's Failure to Timely Exhaust Administrative Remedies

The Defendant argues that because Dr. Babuji failed to timely exhaust his administrative remedies the Court should grant summary judgment and dismiss his claims. The evidence in the record shows that on November 18, 2021, an EEO counselor issued a Notice of Right to File a Formal Complaint of Discrimination (ECF No. 9-2). That notice was received by Dr. Babuji's attorney who read the notice. ECF No. 9-4. The notice informed Dr. Babuji of the right to file a formal complaint of discrimination within 15 calendar days of receipt of the notice. ECF No. 9-2 at 2. The parties agree the formal complaint was due on December 3, 2021. ECF No. 6 ¶ 8; ECF No. 8 at 4. On December 14, 2021, Dr. Babuji's attorney submitted Dr. Babuji's formal complaint of discrimination via e-mail. ECF No. 9-7; 9-8. The Army received the formal complaint on December 15, 2021. ECF No. 8-1 ¶ 6. Although the parties contest the date of when the formal complaint was submitted, both dates are past the December 3rd deadline.

Plaintiff concedes that he failed to meet the December 3, 2021, deadline (*See* ECF No. 6 at ¶¶ 8, 10; ECF No. 9 at 11) but argues the Court should find he is entitled to equitable tolling or

that the administrative deadlines were waived. The time limits for filing an EEO administrative complaint are subject to waiver, estoppel and equitable tolling. 29 C.F.R. § 1614.604(f).

### 1.  Waiver

Plaintiff contends that the Army's acceptance of his formal complaint for investigation after the deadline constituted an implied waiver of the original deadline.

The Fifth Circuit has determined that agency action such as docketing and acting upon a request does not, in and of itself, constitute a waiver. *Rowe v. Sullivan*, 967 F.2d 186, 191 (5th Cir. 1992) (citing *Oaxaca v. Rosco*, 641 F.2d 386, 390-91 (5th Cir. 1981)); *see also Henderson v. U.S. Veterans Admin.*, 790 F.2d 436, 441 (5th Cir. 1986) ("Such a broad rule is unacceptable because agencies may overlook timeliness problems and should not thereafter be bound."). Rather, "in order to waive a timeliness objection, the agency must make a specific finding that the claimant's submission was timely." *Rowe*, 967 F.2d at 191 (citing *Munoz v. Aldridge*, 894 F.2d 1489, 1494-95 (5th Cir. 1990). There is no evidence that the Army made a specific finding regarding the timeliness of Dr. Barbuji's complaint. As the Army made no such finding, under binding precedent, there was no agency waiver of deadline to file the complaint.

### 2.  Equitable Tolling

Next, Plaintiff asserts that waiver of the deadline should be applied "because of good cause based on the medical surgery of his designated legal representative at the time." ECF No. 9 at 11. Although he phrases this as a "waiver" of the deadline, the Court construes this as an argument for equitable tolling.

The Fifth Circuit has identified several bases for equitable tolling: "(1) the pendency of a suit between the same parties in the wrong forum; (2) the plaintiff's lack of awareness of the facts supporting his claim because of the defendant's intentional concealment of them; and (3) the

EEOC's misleading the plaintiff about his rights." *Manning v. Chevron Chem. Co.,* 332 F.3d 874, 880 (5th Cir. 2003). A party who invokes equitable tolling bears the burden of demonstrating that it applies in his case. *Id.* "Equitable tolling . . . is a narrow exception . . . . It is an equitable modification that should be applied sparingly." *Phillips v. Leggett & Platt, Inc.*, 658 F.3d 452, 457 (5th Cir. 2011) (citations and internal quotation marks omitted). "Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Rashidi v. American President Lines,* 96 F.3d 124, 128 (5th Cir. 1996). A "'garden variety claim of excusable neglect'" does not support equitable tolling. *Id.* (quoting *Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 96 (1990)).

Again, the record evidence shows that the Plaintiff and his attorney received a notification of the 15-day deadline to file the formal complaint on November 18, 2021 (ECF No. 8-1 at ¶ 7; ECF No. 9-3; 9-4), which was read by Dr. Barbuji's attorney on the same date. ECF No. 9-4. Dr. Barbuji's formal complaint was filed on December 14th (ECF No. 9-7; 9-8) which the Army says was received on December 15th. ECF No. 9-11. On December 1, two days before the deadline, Dr. Barbuji asserts his attorney filed a request for an extension of the deadline.[1] ECF No. 9-6. The record is silent as to why the attorney waited until the end of the filing period to seek an extension or why the attorney failed to confirm that the Defendant would grant the extension. The Court acknowledges the consequences are harsh, but the Plaintiff points to no evidence that he was not

---

[1] The Plaintiff points to a letter written by his attorney and dated December 1, 2021, requesting an extension of the deadline to file a complaint as evidence of his request to extend the deadline. ECF No. 9-6. The Plaintiff produces no evidence that the request was transmitted to or received by the Army. The Army provides evidence in the form of a declaration from the EEO Director stating that the Army never received a request seeking an extension of the deadline. ECF No. 8-1 ¶ 9. The Court also notes that the letter sought an extension through December 12, 2021, but the complaint was filed on December 14, 2021—after the requested date of extension. ECF No. 9-7; 9-8.

aware of the deadline, that the Defendant in some way misled him about his rights, or that the Plaintiff was prevented in some extraordinary way from asserting his rights.

## IV. CONCLUSION

For the reasons stated above, Dr. Barbuji failed to exhaust his administrative remedies, and he has neither shown that the deadline was waived nor shown himself to be entitled to equitable tolling. Defendant's Motion for Summary Judgment (ECF No. 8) is **GRANTED**.

Defendant's Motion to Dismiss (ECF No. 5) is **DENIED** as **MOOT**.

The Clerk is **DIRECTED** to Close this Case.

It is so **ORDERED**.

**SIGNED** this 20th day of May, 2025.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE